974 F.2d 1330
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kobra DADGAR; Firozeh Nikbin, Petitioners,
v.
U.S. I.N.S., Respondent.
 No. 91-2532.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 8, 1992
Decided: August 25, 1992
 
 On Petition for Review of an Order of the Immigration and Naturalization Service. (A-26512890)
 Richard S. Bromberg, Washington, D.C., for Petitioners.
 Stuart M. Gerson, Assistant Attorney General, Richard M. Evans, Allen W. Hausman, United States Department of Justice, Washington, D.C., for Respondent.
 I.N.S.
 Affirmed.
 Before SPROUSE and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Kobra Dadgar and her daughter, Firozeh Nikbin, appeal from a decision of the Board of Immigration Appeals ("BIA") denying their applications for asylum and withholding of deportation.[1] Because the record contains substantial evidence supporting the BIA's decision, we affirm.[2]
 
 
 2
 Dadgar and her daughter are Iranian nationals. They entered the United States in 1984 on visitors' visas to visit Dadgar's two sons who reside in the United States. Several months after their visas expired they sought asylum. The district director denied their applications. Subsequently the Immigration and Naturalization Service ("INS") ordered them to show cause why they should not be deported. Dadgar and Nikbin conceded their deportability and renewed their application for asylum under 8 U.S.C.A. § 1158(a) (West Supp. 1991). They also sought withholding of deportation under 8 U.S.C.A. § 1253(h) (West Supp. 1991). The immigration judge ("IJ") found that Dadgar lacked credibility and denied both applications. The BIA affirmed the IJ's denial of Dadgar's applications.
 
 
 3
 Initially, the INS argues that Dadgar has not exhausted her claims in administrative proceedings. We disagree. We find that Dadgar's notice of appeal to the BIA adequately referenced her claims. Moreover, we note that the INS briefed these issues before the BIA and that the BIA explicitly ruled on them in its decision. Therefore, the issues have been properly exhausted.[3] See Tarvand v. INS, 937 F.2d 973 (4th Cir. 1991).
 
 
 4
 A grant of asylum under § 1158(a) is discretionary. INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987). Eligibility depends upon two factors: one, the Attorney General's determination that an alien is a refugee as defined by 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1991),[4] and two, the Attorney General's decision to exercise his discretionary authority to grant asylum. Id. at 428 n.5. The alien bears the burden of proof on these issues. Tarvand, 937 F.2d at 975. Proceedings under § 1158(a) are reviewed under two separate standards-the substantial evidence standard is applied to BIA decisions that applicants are not refugees under § 1101(a)(42)(A) and denials of asylum made after refugee status is established are reviewed for abuse of discretion. See Cruz-Lopez v. INS, 802 F.2d 1518, 1519 n.1 (4th Cir. 1986).
 
 
 5
 The BIA declined to grant Dadgar asylum because she failed to establish a well-founded fear of persecution if she returns to Iran. "The term 'well-founded fear' requires examination of both the subjective feelings of the applicant and objective reasons for the applicant's fear." M.A. A26851062 v. INS, 899 F.2d 304, 311 (4th Cir. 1990). Dadgar must prove that a reasonable person in her circumstances would fear persecution if returned to her native country. Tarvand, 937 F.2d at 977. Because there is substantial evidence in the record to support the BIA's decision that Dadgar did not have a wellfounded fear of persecution, we affirm the decision of the BIA.
 
 
 6
 Dadgar's fear of persecution is based on her marriage to Mehrdad Rezania, an ex-guard and escort to the former Shah of Iran.[5] Rezania was arrested and tortured by Iranian officers prior to their marriage. Dadgar asserts that the Iranian authorities know they are married and will arrest her and torture her to find out his whereabouts if she returns. However, she provides no convincing evidence to support her claim. Her proof of persecution consisted of her and her husband's testimony that Iranian officials are aware of their marriage, and a letter from her brother asserting that Iranian officials had been to her house in Iran. However, the IJ and the BIA found that neither Dadgar nor Rezania were credible and those findings are supported. Her testimony contradicted not only itself, but Rezania's testimony, her written application for asylum, and statements attached to her application in material respects. Moreover, Rezania's testimony was internally inconsistent and contradicted information in her asylum application. Therefore, after a review of the record, we find that there is substantial evidence supporting the BIA's finding that a reasonable person would not believe that Dadgar faced persecution if sent back to Iran. We affirm the BIA's denial of Dadgar's application for asylum.
 
 AFFIRMED
 
 
 [1]
 Dadgar and her daughter's applications have been consolidated and thus, the same analysis and result apply. As a result, reference will be made to Dadgar only in our discussion of the case
 
 
 [2]
 This appeal was submitted on the briefs pursuant to Petitioner's motion
 
 
 [3]
 We note that Dadgar does not seek review of the BIA's decision affirming the denial of withholding of deportation in her brief in this Court. Thus, unlike her asylum claims, we do not address any claim relating to the withholding of deportation
 
 
 [4]
 That section states,
 The term "refugee" means (A) any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return or avail himself or herself of the protection of, that country because of persecution or well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion....
 8 U.S.C. § 1102(a)(42)
 
 
 [5]
 Dadgar's husband, Mehrdad Rezania, has been granted asylum in Sweden. However, Dadgar wishes to remain in the United States near her children rather than attempt to obtain asylum with her husband